R. B. Dunn *v.* W. O. Bradley.

**Attorney and Client—Duty of Attorney to Court.**

An attorney violates his duty as an officer of the court, in advising or instructing persons applying to him for counsel to attempt a dishonest version of the law, or where the aid of a chancellor is revoked to enable appliant to perpetrate a gross and outrageous fraud.

**Attorney and Client—Breach of Duty by Attorney—Fee.**

Where an attorney at law gives his client advice by means of which the client's creditors may be defrauded, the attorney is not discharging his duties as an officer of the court, but acts in direct violation thereof, and a promise by the client to pay for such advice will not be implied nor an express promise to pay therefor, be enforced.

APPEAL FROM GARRARD CIRCUIT COURT.

January 3, 1873.

Opinion by Judge Lindsay:

One item of the account upon which appellee obtained judgment in the circuit court is in these words. "Legal advice to place your property beyond the control of your creditors, $300." Appellee proved that when the law firm of which he was a member was applied to by appellant for advice or information as to the best mode of disposing of his property so as to prevent it from being subjected to the payment of large claims against him as surety, they directed him to convey it to one of his brothers apparently for a sufficient money consideration; afterwards to have the brother then to apply to a court of equity to have the wife empowered to hold property in her own right and transact business as a *feme sole*. They impressed upon him the necessity of having a witness present to see the "payment of the purchase money *or rather what seemed to be such payment.*" The advice thus given was substantially fol-

lowed, and appellee, by way of showing that it was valuable, proved that certain parties who were prosecuting claims against appellant for sums aggregating over $13,000, shortly thereafter dismissed their action at their own costs, and that appellant and his wife were at the time of the trial of this cause in the possession and enjoyment of the property thus fraudulently protected. This appeal presents the question whether an attorney-at-law can recover for services and advice of this character.

The petition shows upon its face, and appellee's proof demonstrates beyond all doubt, that the conveyance from appellant to his brothers and from them to his wife were fraudulent, and so known and intended to be, by the party in whose favor the circuit court rendered judgment.

There is no rule more firmly established than that the "law will not aid in enforcing any contract which is alleged, or the consideration of which is inconsistent with public policy and sound morality." That the transaction out of which this claim grew was contrary to public policy and inconsistent with sound morality does not admit of question.

It has always been the policy of our laws to subserve and protect the interests of creditors, and when the common law, or the rules of equitable procedure have been found ineffectual to protect their rights against the fraudulent schemes and devices of dishonest debtors, the legislature has unhesitatingly given its assistance by statutory enactments conferring additional powers upon the judicial tribunals. Conveyances intended to accomplish such ends as those from appellant to his brothers, and from them to his wife, are denounced by the laws of this commonwealth. as absolutely void as to creditors, purchasers and all other innocent persons, who otherwise would be affected by them. Sec. 1, Chapter 40, Revised Statutes.

They are upheld even as between the parties solely because the courts will not interfere to relieve them from the consequences of their own fraudulent acts.

Appellant enjoys his estate today by reason of the dishonest practices to which he resorted. His success in defeating his *bona fide* creditors possibly emboldened him to resist the enforcement of the claim of the attorney whose advice he followed, when engaged in placing his estate beyond the reach of those to whom he was partly

indebted. He is entitled to no consideration from the court, but, being the defendant in this action, he has the legal advantage of his late attorney. He can not be compelled to pay this claim unless the machinery of the law be used to reward one of its own officers for instructing him as to the means by which it might be successfully disregarded.

An attorney is in one sense an officer of the court. He owes a duty to it, and to the law as well as to his client. He violates this duty, in advising or instructing those applying to him for counsel or instruction to attempt a dishonest version of the law, and much more so when, as in this case, the aid of the chancellor is invoked to enable the client the more successfully to perpetrate a gross and outrageous fraud.

One of the means by which Dunn was to secure to himself the future enjoyment of his estate was a decree of the chancellor empowering his wife to hold property and transact business as a *feme sole*.

The official oath of an attorney at law binds him to discharge the duties of his office according to law. Sec. 1, Article 8, State Constitution. Fidelity to the client neither requires nor excuses advice leading to a violation of the law, nor the commission of an act or acts involving moral turpitude. When such advice is given, or when the client is instructed as to the means by which his creditors may be defrauded, the attorney is not discharging the duties of his office "according to law," but in direct violation of it, and a promise upon the part of the client to pay for such advice will not be implied, nor will an express contract to pay for it be enforced.

As to this claim appellee's petition should have been dismissed.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion. As to the remaining items of the account sued on, a new trial will be awarded.

*McKee, Hopper, for appellant.*

*Bradley, James, for appellee.*